UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                              Case Number 09-10662
        Plaintiff       Hon. THOMAS L. LUDINGTON

-v-

PAUL WEST

        Defendant

_____

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR CLERK'S ENTRY OF JUDGMENT BY DISMISSAL**

      This case concerns a student loan taken by Defendant in 1991 from National City Bank, Student Loan Processing Center, East Lansing.  The original loan amount was $2,625.00 at an interest rate of 8% per annum.  The loan was guaranteed by Great Lakes Higher Education Corporation, and then reinsured by the United States Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 USC 1071 et seq (34 CFR Part 682).  Defendant defaulted on the loan, and the balance of the promissory note was accelerated.  The holder of the promissory note filed a claim with the Guarantor.  The Guarantor paid the claim, and was subsequently reimbursed thereon by the U.S. Department of Education.  When the Guarantor was unable to collect on the debt, it assigned its right and title to the loan to the Department of Education.

      Plaintiff filed suit in this matter on February 23, 2009.  Defendant was served by certified mail on February 26, 2009.  Defendant acknowledges receiving the Summons

and Complaint, and states that he called the office of Plaintiff's counsel in response to same.  Defendant was offered the opportunity to enter into a payment arrangement, but refused to do so.  When Defendant failed to file any Answer to the Complaint, a Default Judgment was entered against him on March 31, 2009.  Defendant now requests that this Court dismiss Plaintiff's case, even though he acknowledges receipt of the Summons and Complaint, which clearly instructed him that he must file an Answer with the Court within 20 days.

Pursuant to FRCP 55(c), a Default may be set aside <u>only</u> for good cause shown.  Pursuant to FRCP 60(b), a Judgment may be set aside only upon the showing of one of the following:  (1) mistake, inadvertence, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of the adverse party; (4) the judgment is void; (5) the judgment is satisfied, released or discharged; (6) any other relief justifying relief from judgment.

In <u>United Coin Meter Co., v Seabord Coastline R.R</u>., 705 F 2d 839 (6th Cir. 1983) the Court articulated three factors to be considered in reviewing a Motion to Set Aside Default Judgment.

- Whether plaintiff will be prejudiced;
- Whether the defendant has a meritorious defense; and
- Whether culpable conduct of the defendant led to the default

Here, all three of these factors weigh against the Defendant.  More importantly however, it is the third factor – whether or not the culpable conduct of the Defendant led to the entry of the default – that is the most important.  Unless a defendant can prevail on this factor, the other two factors are not even addressed.  In <u>Waifersong, Ltd. Inc. v. Classic Music Vending</u>  976 F.2d 290, (C.A.6 (Ohio),1992), the Court cited the <u>United Coin</u> factors and held:

> **In practice, however, the methodology for considering these factors and the weight to be accorded them depends on whether the court is confronted by an entry of default or a default judgment. When asked to set aside an entry of default, a court considers the first factor, defendant's culpability, in the general context of determining whether a petitioner is deserving of equitable relief. But when it is a judgment the defendant is seeking to avoid, the specific requirements of Rule 60(b) narrow the scope of the court's equitable inquiry. When relief is sought under Rule 60(b)(1), the culpability factor is framed in terms of "mistake, inadvertence, surprise, or excusable neglect." <u>Furthermore, while it may be argued that the three factors are to be "balanced" by the court in determining whether to set aside an entry of default, balancing is demonstrably inappropriate when a court initially proceeds, as in the instant case, under Rule 60(b)(1). That is because the rule mandates that a defendant cannot be relieved of a default judgment unless he can demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect. It is only when the defendant can carry this burden that he will be permitted to demonstrate that he also can satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff should relief be granted.</u>  Waifersong at p. 292 (emphasis added).**

In  <u>Williams v. Meyer</u>  346 F.3d 607,  (C.A.6 (Mich.),2003), the Court quoted directly from <u>Waifersong</u>, supra, and further held that a party's conduct is culpable if he displays either an intent to thwart judicial proceedings or a reckless disregard of the effect of his conduct on those proceedings.  In <u>Williams,</u> the Court found no culpable

conduct by the defendant because the defendant's failure to file timely objections did not appear to be willful or the result of carelessness or negligence, as the defendant had filed motions for enlargements of time.  Such is not the case with the Defendant here, who sat idly by after being served with a Summons and Complaint.  Defendant's conduct cannot be characterized in any other way other than willful and careless.  Accordingly, Defendant's Request for Dismissal must be denied.

Moreover, Defendant has not set forth any defense to Plaintiff's action other than an alleged inability to pay.  The Certificate of Indebtedness attached to Plaintiff's Complaint is prima facie evidence of Defendant's indebtedness.  Accordingly, the burden is on the Defendant to set forth <u>specific</u> <u>facts</u> supporting any alleged defense.  <u>United States v Lawrence</u>, 276 F3d 193 (5th Cir 2001).  As Defendant has not provided this Court with good cause or grounds justifying his failure to answer the Complaint, nor has he offered a valid defense to this action, Plaintiff respectfully requests that Defendant's Request for Dismissal be denied.

DATED: April 20, 2009         By:    s/Pamela S. Ritter
                                     HOLZMAN RITTER & LEDUC, PLLC
                                     28366 Franklin Road
                                     Southfield, MI  48034
                                     (248) 352-4340
                                     usa@holzmanlaw.com
                                     P47886