UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                             Case Number 09-10662-BC

v.                                                            Honorable Thomas L. Ludington

PAUL WEST,

        Defendant.
_____ /

### ORDER CONSTRUING DEFENDANT'S REQUEST FOR CLERK'S ENTRY OF DISMISSAL AS MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT AND SETTING ASIDE ENTRY OF DEFAULT AND DEFAULT JUDGMENT

On January 21, 2009, Plaintiff United States of America filed a complaint, seeking to garnish $5,926.06 from Defendant Paul West for an outstanding education loan. Dkt. # 1. Plaintiff contends it served Defendant by certified mail on February 26, 2009. Dkt. # 3. The complaint was addressed to Defendant, but Defendant's granddaughter Anita West signed for and received the complaint. Dkt. # 3-1, 12. Defendant avers that he was out of the state at that time, returning on March 3, 3009 and became aware of the complaint on March 6, 2009. Dkt. # 9, 12. Defendant did not answer the complaint. Both parties, however, acknowledge that Defendant contacted Plaintiff's counsel to express that he could not satisfy the debt because "[he] was on Social Security." Dkt. # 9.

On March 31, 2009, the Clerk of Court entered default and default judgment against Defendant. Dkt. # 6, 7. On April 6, 2009, Defendant, acting pro se, filed a pleading entitled "request for Clerk's entry of dismissal," dkt. # 9, which the Court interprets as motion to set aside default and default judgment.[1] *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

---

[1] Indeed, Plaintiff also interpreted Defendant's pleadings as seeking relief pursuant to Fed. R. Civ. P. 55(c).

I

An entry of default may be set aside for "good cause." Fed. R. Civ. P. 55(c). A default judgment may be voided pursuant the standard in Fed. R. Civ. P. 60(b). *Id.* A default judgment is "a drastic step which should be resorted to only in the most extreme cases," and Rule 60(b) is to be applied " 'equitably and liberally . . . to achieve substantial justice.' " *United Coin Meter, Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983) (citing *Ellingsworth v. Chrysler*, 665 F.2d 180, 185 (7th Cir. 1981) and quoting *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980) (per curiam)). This circuit evaluates the same factors to determine whether a default and default judgment should be set aside, which are as follows: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *Id.*; *see also Shepard Claims Service, Inc., v. William Darrah & Assoc.*, 796 F.2d 190, 192 (6th Cir. 1986).

Whether to set aside an entry of default is within a court's discretion, though a "strong preference for trials on the merits in federal courts has led to the adoption of a somewhat modified standard of review where defaults are involved." *Shepard Claims*, 796 F.2d at 193. Though a court should consider all three factors, "when the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Id.* at 194. "Where the party in default satisfies the first two requirements for relief and moves promptly to set aside the default before a judgment is entered, the district court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings." *Id.* at 195; *see also Marbly v. Dep't of the Treasury*, 22 F.App'x 371, 372 (6th Cir. 2001) (stating that "a

district court abuses its discretion in denying a motion to set aside an entry of default when the first two factors favor setting aside the entry) (*citing Shepard Claims*, 796 F.2d at 194).

A

In order to demonstrate prejudice, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990). "'Delay alone is not a sufficient basis for establishing prejudice.'" *Id.* (quoting *INVST Fin. Group, Inc., v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)).

While Plaintiff asserts that this factor weighs in its favor, it has not identified a specific reason that Defendant's delay prejudiced it. In contrast, Defendant asserts that this debt has been outstanding for eighteen years. Dkt. # 12. In addition, while Defendant did not timely answer the complaint, Plaintiff acknowledges that Defendant did contact counsel in an effort to resolve this matter. Thus, Plaintiff has not demonstrated that it has been substantively prejudiced and this factor weighs in favor of Defendant.

B

The second inquiry is whether defendant has provided allegations, if considered in favor of the defendant, that would support a meritorious defense. *Berthelsen*, 907 F.2d at 621. The defense presented must be "good at law," but the Court need not determine the likelihood of success. *Shepard Claims*, 796 F.2d at 192-93.

Keeping in mind that Defendant is a pro se litigant, Defendant has advanced a potentially meritorious defense. Defendant alleges that he receives benefits from the Social Security Administration, which are potentially exempt. *See* 11 U.S.C. § 522(b)(2) and (d)(10)(A). Although

Plaintiff emphasizes that the moving party must put forth specific facts in support of a meritorious defense, Defendant's allegation that his source of income may be exempt from garnishment is sufficient in light of his pro se status.

C

To demonstrate culpable conduct, "a defendant must display either an intent to thwart judicial proceedings or a reckless disregard to the effect of its conduct on those proceedings." *Shepard Claims*, 796 F.2d at 194. A defendant's negligent conduct that is "careless and inexcusable" may still "qualify for relief under the 'good cause' standard . . . " *Id.*

Plaintiff characterizes Defendant's response to the complaint as "wilful and careless." The Court disagrees. While perhaps negligent, it is undisputed that Defendant is acting pro se, contacted Plaintiff's counsel, and filed the instant pleadings a few days after the entry of default and default judgment. Moreover, this factor is ultimately inconsequential because the other factors weigh in favor of Defendant. *See Shepard Claims*, 796 F.2d at 193.

II

Accordingly, it is **ORDERED** that Defendant's "request for Clerk's entry for dismissal," construed as a motion to set aside default and default judgment, [Dkt. # 9] is **GRANTED**. The default and default judgment [Dkt. # 6, 7] are **VACATED**.

It is further **ORDERED** that Defendant may file an answer to the complaint or other pleading **on or before July 9, 2009**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 11, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 11, 2009.

          s/Tracy A. Jacobs
          TRACY A. JACOBS